IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANAYA ABROUGHT, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00168-FJG |
| CHEWY, INC., and | ) |
| KELLERMEYER BERGENSONS SERVICES, LLC, | ) |
|        Defendants. | ) |

**DEFENDANT CHEWY, INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

In support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Defendant Chewy, Inc. ("Chewy") states as follows:

### I. INTRODUCTION

In her Petition, Plaintiff alleges she was harassed and her employment terminated in violation of the Missouri Human Rights Act ("MHRA") based on her race and sex and in retaliation for engaging in protected activity. In connection with those claims, Plaintiff makes the conclusory claim that Chewy and Defendant Kellermeyer Bergensons Services, LLC ("KBS") employed her through two other third-party staffing agencies. Even taking Plaintiff's pleaded facts as true, she has failed to state a claim against Chewy because Plaintiff has not, and cannot, plead facts supporting a claim that Chewy employed her. Accordingly, this Court should dismiss Plaintiff's Petition against Chewy with prejudice.

### II. STANDARD FOR REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing the pleader is entitled to relief." That requirement "demands more than an unadorned,

143011209.1

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a plaintiff is obligated to go beyond "labels and conclusions" and set forth the grounds for her entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A "formulaic recitation of a cause of action's elements will not do." *Id.* A plaintiff cannot "unlock the doors of discovery" by filing a lawsuit "with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a court must accept all well-pleaded facts as true, courts "are not bound to accept as true legal conclusions couched as factual allegation." *Id*. (internal quotations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (internal quotations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (internal citations omitted).

The remedy for a plaintiff's failure to meet Rule 8's pleading standard is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if, accepting the well-pleaded facts as true, plaintiff fails to plead facts sufficient to support the relief sought. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal of Chewy is appropriate here.

### III. PLAINTIFF'S FACTUAL ALLEGATIONS REGARDING EMPLOYMENT BY CHEWY

The allegations in Plaintiff's complaint make it clear that she is not a Chewy employee. Plaintiff does not allege that Chewy is *her* employer, and instead simply states that Chewy is "an employer" within the meaning of § 213.010, *et. seq*. Ex. 1, Petition ¶ 7. Further, Plaintiff offers only a legal conclusion that actions attributed to KBS are somehow attributable to Chewy because KBS is Chewy's "agent." Ex. 1, Petition ¶ 9. Indeed, Plaintiff admits that Chewy simply "contracts cleaning services" with KBS, and that she was "placed" at Chewy's location through her employment with either "HSS Staffing Agency" or "Elwood Staffing." Ex. 1, Petition ¶¶ 11 - 12, 48. Plaintiff even distinguishes herself from "permanent employees" of Chewy and states that she was a "temporary employee[] from a staffing agency." Ex. 1, Petition ¶¶ 16, 19.

Critically, Plaintiff admits that her pay was controlled by third-parties and not Chewy. Ex. 1, Petition ¶ 83. Plaintiff further admits that HSS Staffing Agency gave her notice that her "assignment" at Chewy's facility had ended and that managers of Elwood Staffing controlled whether she could be terminated from her employment. Ex. 1, Petition ¶¶ 43, 77. Nowhere does Plaintiff allege that her job duties were related to Chewy's warehouse operations, or that Chewy directed or supervised her cleaning duties independent of the terms of any cleaning contract. Ex. 1, Petition ¶¶ 14-15, 52. Indeed, all allegations in which Plaintiff describes interactions with "managers" or "supervisors" refer to employees of either HSS Staffing Agency, and/or Elwood Staffing and not Chewy employees. Ex. 1, Petition ¶¶ 36-37, 47, 53, 58, 64, 69-79, 81-86. Plaintiff further admits that Chewy's Human Resources was unaware she had returned to its premises for several weeks, and that Chewy did not become aware of her presence until she made a special request for a security access badge. Ex. 1, Petition ¶¶ 56-62. Taken together, these facts clearly show that Chewy had no meaningful control over the terms and conditions of Plaintiff's

3

143011209.1

employment with companies that provided contract cleaning services at Chewy's facility in Belton, Missouri.

## IV. ARGUMENT

### A. Claims Against Chewy Must Be Dismissed Because Plaintiff Does Not Allege Chewy Was Her Direct Employer.

The protections of the MHRA apply only to discrimination, harassment, and retaliation against an employee by that person's employer. *See Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 562-564 (Mo. Ct. App. 1999) (finding the MHRA applies only to employer-employee relationships and non-employees do not have standing to bring a claim under the MHRA). Because Plaintiff does not plead facts in support of the conclusory allegation that Chewy directly employed her, Plaintiff's allegations fail as a matter of law. *See id.*

Here, Plaintiff concedes that her employment started and ended with two third-party staffing companies to fulfill a cleaning contract for Chewy. *See* Charge of Discrimination, Ex. A to Petition (Ex. 1)[1]; Ex. 1, Petition ¶¶ 11-12, 48. Plaintiff also admits that it was representatives of HSS Staffing Agency or Elmwood Staffing who notified Plaintiff that her assignment(s) had ended and controlled the terms of her employment. *See* Ex. 1, Petition ¶¶ 42, 83, 77. Thus, the facts pleaded in the Petition establish that either HSS Staffing Agency or Elmwood Staffing employed Plaintiff but do nothing to further the conclusory notion that Chewy (or even KBS) employed her. *See Iqbal*, 556 U.S. at 678 (courts should not accept "legal conclusion[s] couched as a factual allegation"). Accordingly, this Court should dismiss Chewy from this lawsuit with prejudice.

### B. Plaintiff's Petition Fails to Sufficiently Allege Chewy Was Her Joint Employer.

---

[1] At the motion to dismiss stage, a court can consider a charge of discrimination without converting it to a motion for summary judgment. *Faibisch v. University of Minnesota*, 304 F.3d 707, 802-803 (8th Cir. 2002).

143011209.1

In order to survive a motion to dismiss, Plaintiff must plead facts that "that demonstrate the existence of a joint employment relationship based on the following factors: (1) the degree of interrelation between the operations of the entities in question; (2) the degree to which those entities shared common management; (3) the degree of centralized control of labor relations as between those entities; and (4) the degree of common ownership or financial control of the entities." *Payne v. Service Companies, Inc.*, 2020 WL 12689591, at *2 (W.D. Mo. 2020) (*citing Walton v. Edge Med. Pro. Servs., LLC*, 442 F. Supp. 2d 731, 749 (W.D. Mo. 2006)). "Although no single factor is controlling, these four factors must nonetheless be applied in the determination of 'employer.'" *Jarred v. Walters Indus. Electronics, Inc.*, 153 F. Supp. 2d 1095, 1099 (W.D. Mo. 2001).

Plaintiff fails to plead sufficient facts that satisfy any of the four joint employment factors. Recently, this Court granted a motion to dismiss asserting claims under Title VII, § 1981, and the MHRA for failing to state a claim because the plaintiff failed to plead facts in support of his conclusion that he was employed by any defendant or that defendants jointly employed him. *Edwards v. PAR Electrical Contractors, Inc.*, No. 19-00126, 2019 WL 2745743 at *6 (W.D. Mo. July 1, 2019). In *Edwards*, the court dismissed claims where the petition only identified the alleged joint employer as "an employer" and failed to include facts to plausibly show that the defendant had the power to hire, fire, or other control over the terms of employment. *Id.* The court dismissed the claims because the "joint employer theory [was] also not well-pled" and included no allegations of interrelated operations; centralized control policies, schedules, payroll and personnel decisions; and no common ownership or control. *Id.*; *see also Johnson v. Special School District of St. Louis County*, No. 4:18-cv-53, 2018 WL 2163647 at *16 (E.D. Mo. May 10, 2018) (noting the plaintiff failed to "address the factual prerequisites for joint employer status" by simply

5

143011209.1

concluding the entities were joint employers); *Nichols v. Jones Lang LaSalle Americas, Inc.*, No. 8:19-cv-35, 2019 WL 6341649 at *5 (D. Neb. Nov. 27, 2019) (dismissing complaint because the plaintiff failed to plead sufficient facts to show joint employment based on the joint employment factors).

Like *Edwards*, Plaintiff's Petition lacks any facts that support an alleged joint-employment relationship between: (1) her and Chewy; or (2) Chewy and KBS; or (3) Chewy and HSS Staffing or Elmwood Staffing. Plaintiff does not even allege that she was jointly employed by Chewy and KBS. Instead, in a conclusory fashion, Plaintiff simply states that "all actions…attributed to [KBS] are to be attributed collectively to both [Chewy] and [KBS], as [Chewy] contracted and employed [KBS] to be their agent. Ex. 1, Petition ¶ 9.

The allegations make it clear that Chewy was not responsible for hiring, assigning, paying, scheduling, or terminating Plaintiff. Ex. 1, Petition ¶¶ 12, 13, 43, 48, 77, 83. The Petition is devoid of facts about the relationship between Chewy and KBS or these other entities — other than Chewy has a contract with KBS to perform cleaning services. Ex. 1, Petition ¶ 13. There are no other facts showing interrelation of operations – such as unity of business purpose or sharing of managers, personnel, payroll, equipment, and benefits. *See Nichols*, at *3-4; *Davis v. Ricketts*, 765 F.3d 823, 828 (8th Cir. 2014) (finding that two companies which shared limited human resources functions not interrelated because the companies had distinct purposes and functions). Nor are there allegations of common management or centralized control of labor relations. *See Nichols*, at *4. Indeed, each alleged interaction with Plaintiff's "managers," refers to employees of HSS Staffing Agency or Elmwood Staffing. Ex. 1, Petition ¶¶ 36, 37, 53, 58, 61, 64, 69-79, 81-86. The mere fact that Chewy's human resources department received reports of conflicts between a Chewy employee and Plaintiff (and her coworkers), and that Chewy retained discretion to restrict third-

6

Case 4:23-cv-00168-FJG   Document 6   Filed 03/16/23   Page 6 of 8

143011209.1

party contractors from its premises is insufficient to establish a joint employer relationship. *See Willis v. Rock Hill Mechanical Corp.*, No. 4:19 CV 952 RWS; 2021 WL 4476740 at *6-7 (E.D. Mo. Sept. 30, 2021) (holding that owner of jobsite could issue safety citations and restrict employees of subcontractors from premises without becoming joint employer); *see also Davis*, 765 F.3d at 828. Finally, there are no allegations of common ownership or financial control between Chewy and KBS, or Chewy and the two third-party staffing agencies. As such, dismissal of Chewy is proper because Plaintiff does not plead sufficient facts to show a joint employer relationship.

## V. CONCLUSION

Based on the foregoing facts, arguments, and authorities, Defendant Chewy respectfully requests that the Court dismiss Plaintiff's Petition with prejudice against Defendant Chewy and award any other appropriate relief.

Respectfully submitted this 16th day of March, 2023.

/s/ Nicole H. Howell
Nicole H. Howell (MO Bar # 56815)
Aaron A. Wynhausen (MO Bar # 72203)
**FOX ROTHSCHILD LLP**
4900 Main Street, Suite 150
Kansas City, Missouri 64112
(816) 919-7902 – Telephone
(816) 919-7901 – Facsimile
nhowell@foxrothschild.com
awynhausen@foxrothschild.com
**ATTORNEYS FOR DEFENDANT CHEWY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2023, I electronically transmitted this Certificate of Service to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kevin Baldwin
Eric Vernon
Sylvia Hernandez
Robin Koogler
**BALDWIN & VERNON**
108 S. Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net
Robin @bvalaw.net
**ATTORNEYS FOR PLAINTIFF**

/s/ Nicole H. Howell
Nicole H. Howell