**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ANAYA ABROUGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-00168-FJG |
| | ) | |
| vs. | ) | |
| | ) | |
| CHEWY, INC., and KELLERMEYER | ) | |
| BERGENSONS SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW, Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorneys, Hinshaw & Culbertson LLP and Terese A. Drew, and for its Answer to Plaintiff's Petition states as follows:

1.      Defendant KBS can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Petition as they are legal conclusions to which no response is required.  However, if a response is required, Defendant KBS denies each and every allegation contained in Paragraph 1 of Plaintiff's Petition.

2.      Defendant KBS can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiff's Petition as they are legal conclusions to which no response is required.  However, if a response is required, Defendant KBS denies each and every allegation contained in Paragraph 2 of Plaintiff's Petition.

3.      Defendant KBS can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Petition as they are legal conclusions to which no response is required.  However, if

1055604\312940309.v1

a response is required, Defendant KBS denies each and every allegation contained in Paragraph 3 of Plaintiff's Petition.

4.      Defendant KBS can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Petition as they are legal conclusions to which no response is required.  However, if a response is required, Defendant KBS denies each and every allegation contained in Paragraph 4 of Plaintiff's Petition.

5.      Defendant KBS can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Petition as they are legal conclusions to which no response is required.  However, if a response is required, Defendant KBS denies each and every allegation contained in Paragraph 5 of Plaintiff's Petition.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Petition and as such denies same.

7.      Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Petition and as such denies same.

8.      Defendant KBS denies each and every allegation contained in Paragraph 8 of Plaintiff's Petition.

9.      Defendant KBS denies each and every allegation contained in Paragraph 9 of Plaintiff's Petition.

10.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Petition and as such denies same.

1055604\312940309.v1

11.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Petition and as such denies same.

12.     Defendant KBS admits that HSS Staffing Agency placed Plaintiff at Defendant Chewy's location in Belton, Missouri, as a member of a cleaning crew.  Defendant KBS denies each and every other allegation contained in Paragraph 12 of Plaintiff's Petition not specifically admitted herein.

13.     Defendant KBS denies each and every allegation contained in Paragraph 13 of Plaintiff's Petition.

14.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Petition and as such denies same.

15.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Petition and as such denies same.

16.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Petition and as such denies same.

17.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Petition and as such denies same.

18.     Defendant KBS denies each and every allegation contained in Paragraph 18 of Plaintiff's Petition.

1055604\312940309.v1

19.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Petition and as such denies same.

20.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Petition and as such denies same.

21.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Petition and as such denies same.

22.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Petition and as such denies same.

23.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Petition and as such denies same.

24.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Petition and as such denies same.

25.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Petition and as such denies same.

1055604\312940309.v1

26.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Petition and as such denies same.

27.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Petition and as such denies same.

28.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Petition and as such denies same.

29.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Petition and as such denies same.

30.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Petition and as such denies same.

31.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Petition and as such denies same.

32.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Petition and as such denies same.

1055604\312940309.v1

33.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Petition and as such denies same.

34.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Petition and as such denies same.

35.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Petition and as such denies same.

36.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Petition and as such denies same.

37.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Petition and as such denies same.

38.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Petition and as such denies same.

39.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Petition and as such denies same.

1055604\312940309.v1

40.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Petition and as such denies same.

41.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Petition and as such denies same.

42.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Petition and as such denies same.

43.     On information and belief, Defendant KBS admits that HSS Staffing called and indicated the assignment ended.  Defendant KBS denies each and every other allegation contained in Paragraph 43 of Plaintiff's Petition not specifically admitted herein.

44.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Petition.

45.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Petition.

46.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Petition.

47.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Petition.

48.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Petition.

1055604\312940309.v1

49.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Petition.

50.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Petition.

51.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Petition.

52.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Petition.

53.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Petition.

54.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Petition.

55.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Petition.

56.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Petition.

57.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Petition.

58.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Petition.

59.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Petition.

1055604\312940309.v1

60.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Petition.

61.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Petition.

62.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Petition.

63.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Petition.

64.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Petition.

65.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Petition.

66.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Petition.

67.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Petition.

68.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Petition.

69.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Petition.

70.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Petition.

1055604\312940309.v1

71.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Petition.

72.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Petition.

73.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Petition.

74.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Petition.

75.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Petition.

76.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Petition.

77.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Petition.

78.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Petition.

79.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Petition.

80.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Petition.

81.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Petition.

1055604\312940309.v1

82.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Petition.

83.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Petition.

84.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Petition.

85.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Petition.

86.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Petition.

87.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Petition.

88.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's Petition.

89.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Petition.

90.     Defendant KBS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Petition.

## COUNT I

### RACIAL DISCRIMINATION
### AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY

COMES NOW Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorney Hinshaw & Culbertson LLP and Terese A. Drew, and for its Answer to Count I of Plaintiff's Petition states as follows:

11

1055604\312940309.v1

91.     Defendant adopts and incorporates herein by reference its responses to all previously alleged paragraphs of Plaintiff's Petition as if fully set forth herein as its response to Paragraph 91 of Count I of Plaintiff's Petition.

92.     Defendant KBS denies each and every allegation contained in Paragraph 92 of Count I of Plaintiff's Petition.

93.     Defendant KBS denies each and every allegation contained in Paragraph 93 of Count I of Plaintiff's Petition.

94.     Defendant KBS denies each and every allegation contained in Paragraph 94 of Count I of Plaintiff's Petition.

95.     Defendant KBS denies each and every allegation contained in Paragraph 95 of Count I of Plaintiff's Petition.

96.     Defendant KBS denies each and every allegation contained in Paragraph 96 of Count I of Plaintiff's Petition.

97.     Defendant KBS denies each and every allegation contained in Paragraph 97 of Count I of Plaintiff's Petition.

WHEREFORE, Defendant Kellermeyer Bergensons Services, LLC ("KBS"), prays this Court dismiss Count I of Plaintiff's Petition at Plaintiff's costs and for such other and further relief the Court deems just and proper.

## COUNT II

### SEX/GENDER DISCRIMINATION
### AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY

COMES NOW Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorney Hinshaw & Culbertson LLP and Terese A. Drew, and for its Answer to Count II of Plaintiff's Petition states as follows:

12

1055604\312940309.v1

98.     Defendant adopts and incorporates herein by reference all its responses to all previously alleged paragraphs of Plaintiff's Petition as if fully set forth herein as its response to Paragraph 98 of Count II of Plaintiff's Petition.

99.     Defendant KBS denies each and every allegation contained in Paragraph 99 of Count II of Plaintiff's Petition.

100.    Defendant KBS denies each and every allegation contained in Paragraph 100 of Count II of Plaintiff's Petition.

101.    Defendant KBS denies each and every allegation contained in Paragraph 101 of Count II of Plaintiff's Petition.

102.    Defendant KBS denies each and every allegation contained in Paragraph 102 of Count II of Plaintiff's Petition.

103.    Defendant KBS denies each and every allegation contained in Paragraph 103 of Count II of Plaintiff's Petition.

104.    Defendant KBS denies each and every allegation contained in Paragraph 104 of Count II of Plaintiff's Petition.

105.    Defendant KBS denies each and every allegation contained in Paragraph 105 of Count II of Plaintiff's Petition.

106.    Defendant KBS denies each and every allegation contained in Paragraph 106 of Count II of Plaintiff's Petition.

WHEREFORE, Defendant Kellermeyer Bergensons Services, LLC ("KBS"), prays this Court dismiss Count II of Plaintiff's Petition at Plaintiff's costs and for such other and further relief the Court deems just and proper.

1055604\312940309.v1

## COUNT III

## RETALIATION
## AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY

COMES NOW Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorney Hinshaw & Culbertson LLP and Terese A. Drew, and for its Answer to Count III of Plaintiff's Petition states as follows:

107.    Defendant KBS adopts and incorporates herein by reference its responses to all previously alleged paragraphs of Plaintiff's Petition as if fully set forth herein as its response to Paragraph 107 of Count III of Plaintiff's Petition.

108.    Defendant KBS denies each and every allegation contained in Paragraph 108 of Count III of Plaintiff's Petition.

109.    Defendant KBS denies each and every allegation contained in Paragraph 109 of Count III of Plaintiff's Petition.

110.    Defendant KBS denies each and every allegation contained in Paragraph 110 of Count III of Plaintiff's Petition.

111.    Defendant KBS denies each and every allegation contained in Paragraph 111 of Count III of Plaintiff's Petition.

112.    Defendant KBS denies each and every allegation contained in Paragraph 112 of Count III of Plaintiff's Petition.

113.    Defendant KBS denies each and every allegation contained in Paragraph 113 of Count III of Plaintiff's Petition.

WHEREFORE, Defendant Kellermeyer Bergensons Services, LLC ("KBS"), prays this Court dismiss Count III of Plaintiff's Petition at Plaintiff's costs and for such other and further relief the Court deems just and proper.

1055604\312940309.v1

## COUNT IV

### RACIALLY HOSTILE WORK ENVIRONMENT
### AGAINST ALL DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorney Hinshaw & Culbertson LLP and Terese A. Drew, and for its Answer to Count IV of Plaintiff's Petition states as follows:

114. Defendant KBS adopts and incorporates herein by reference its responses to all previously alleged paragraphs of Plaintiff's Petition and attached exhibits as if fully set forth herein as its response to Paragraph 114 of Count IV of Plaintiff's Petition.

115. Defendant KBS denies each and every allegation contained in Paragraph 115 of Count IV of Plaintiff's Petition.

116. Defendant KBS denies each and every allegation contained in Paragraph 116 of Count IV of Plaintiff's Petition.

117. Defendant KBS denies each and every allegation contained in Paragraph 117 of Count IV of Plaintiff's Petition.

118. Defendant KBS denies each and every allegation contained in Paragraph 118 of Count IV of Plaintiff's Petition.

119. Defendant KBS denies each and every allegation contained in Paragraph 119 of Count IV of Plaintiff's Petition.

120. Defendant KBS denies each and every allegation contained in Paragraph 120 of Count IV of Plaintiff's Petition.

121. Defendant KBS denies each and every allegation contained in Paragraph 121 of Plaintiff's Petition and further denies that Plaintiff is entitled to any of the relief sought, subparagraphs a through h, and specifically denies said requests.

1055604\312940309.v1

WHEREFORE, Defendant Kellermeyer Bergensons Services, LLC ("KBS"), prays this Court dismiss Count IV of Plaintiff's Petition at Plaintiff's costs and for such other and further relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

COMES NOW Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorney Hinshaw & Culbertson LLP and Terese A. Drew, and for its Affirmative Defenses Applicable to all Counts states as follows:

1.      Defendant states that Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims fail, to the extent that they are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands. Defendant further states that Plaintiff's claims are time barred by the applicable statute of limitations.

3.      Defendant states that any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages and are limited by statutory provisions as outlined in Mo. Rev. Stat. § 213.111(4).

4.      For further answer and affirmative defense, Defendant states that Plaintiff's Petition does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States of America in the following particulars:

(a)      Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

(i)      The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding;

16

1055604\312940309.v1

(ii)    The Self-Incrimination Clause is violated because the defendant can be compelled to give testimony against itself;

(b)    Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

(c)    Plaintiff's claim for punitive damages violates the defendant's rights to access the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendants' exercise of that right;

(d)    Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

(e)    Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

(i)    The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

(ii)    Insofar as punitive damages are not measured against actual injury to the plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded and the amount of punitive damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

(iii)    The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendants are denied equal protection under the law;

(iv)    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will, or wrongful motive;

(v)    Grossly excessive or arbitrary punishments may be imposed on a party;

(vi)    There is no notice of the severity of punishment that may be inflicted for any particular conduct;

(vii)    Punitive damages allow for the arbitrary deprivation of property;

17

1055604\312940309.v1

(viii)    Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded; and

(ix)    Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm Plaintiff has suffered and the amount of damages awarded.

5.    Pleading hypothetically and in the alternative, Defendant states that Plaintiff's Petition does not state a claim for punitive damages because it violates Article I, Section 2; Article I, Section 10; Article I, Section 19; Article I, Section 18(a); and Article I, Section 21 of the Missouri Constitution.

6.    For further Answer, Defendant denies that it was Plaintiff's employer.

7.    Defendant reserves the right to amend or plead additional affirmative defenses to Plaintiff's claim as more information becomes available in discovery.

8.    Defendant adopts and incorporates herein any and all affirmative defenses asserted by any co-defendant.

9.    Defendant demands trial by jury.

WHEREFORE, Defendant, Kellermeyer Bergensons Services, LLC ("KBS") prays this Court dismiss Plaintiff's Petition in its entirety and for such other and further relief as the Court deems just and proper.

**HINSHAW & CULBERTSON LLP**

By: _____/s/ Terese A. Drew_____
TERESE A. DREW,  #32030
701 Market Street, Suite 260
St. Louis, MO  63101-1843
P:  (314) 241-2600
F:  (314) 241-7428
tdrew@hinshawlaw.com

ATTORNEYS FOR DEFENDANT
KELLERMEYER BERGENSONS SERVICES, LLC

18

1055604\312940309.v1

19

1055604\312940309.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system, on this 16th day of March, 2023, addressed to the following attorney(s) of record:

Kevin Baldwin
Eric Vernon
Sylvia Hernandez
Robin Koogler
Baldwin & Vernon
108 S. Pleasant St.
Independence, MO 64050
kevin@bvalaw.net
eric@bvalaw.net
sylvia@bvalaw.net
robin@bvalaw.net
***Attorneys for Plaintiff***

Nicole H. Howell (MO Bar # 56815)
Aaron A. Wynhausen (MO Bar # 72203)
Fox Rothschild LLP
4900 Main Street, Suite 150
Kansas City, MO 64112
nhowell@foxrothschild.com
awynhausen@foxrothschild.com
***Attorneys for Defendant Chewy***

*/s/ Terese A. Drew*

20

1055604\312940309.v1